# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** v. **ANDREAUS BENARD OLIVER, SR.** *Defendant.* | **CRIMINAL ACTION NO. 3:25-cr-00002-TES-4** |

## ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE

Before the Court is Defendant Andreaus Benard Oliver, Sr.'s Unopposed Motion to Continue Trial in the Interest of Justice [Doc. 67]. Trial is currently set to begin on October 20, 2025, and the government does not oppose a continuance. [*Id.*]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

On May 14, 2025, the government obtained an Indictment [Doc. 6] charging Defendant Oliver, Sr. with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 841(b)(1)(C). [Doc. 6]. On August 7, 2025, Defendant Oliver, Sr. was arraigned and ordered detained pending trial. [Doc. 31]; [Doc. 40].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

In his Motion, Defendant Oliver, Sr. requests a continuance "to allow. . . time to receive the government's discovery." [Doc. 67, p. 2]. Additionally, Defendant Oliver, Sr. posits that counsel for Defendant Oliver, Sr. will require "additional time to organize and review the discovery" as well as "additional time to meet with [Defendant Oliver, Sr.] about the discovery, determine the next steps in the instant case, and begin defensive investigations as it relates to the government's discovery." [*Id.*]. Further, Defendant Oliver, Sr. is currently being detained in the Irwin County Jail, three and a half hours from his counsel's office. [*Id.*].

Considering this, failure to grant a continuance in this case would deny

2

Defendant Oliver, Sr. "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). So as to avoid a miscarriage of justice, the Court **GRANTS** Defendant Oliver, Sr.'s Unopposed Motion to Continue Trial in the Interest of Justice [Doc. 67]. The Court **CONTINUES** this case to **November 17, 2025**. The pretrial conference will be held on **October 1, 2025**. The ends of justice served by this continuance outweigh the best interests of the public and Defendant in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161(h)(7)(A) for excusable delay.

    **SO ORDERED**, this 12th day of August, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
