# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br>**TRACE DAVRIN WORKS,**<br>**DEVITO DURAN YOUNG,**<br>**ANDREAUS BENARD OLIVER, SR., and**<br>**ANDREAUS BENARD OLIVER, JR.**<br><br>          *Defendants.* | **CRIMINAL ACTION NOS.**<br>**3:25-cr-00002-TES-1, 2, 4, 5** |

### ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE

Before the Court is Defendant Andreaus B. Oliver, Sr.'s Motion for Continuance [Doc. 104]. Trial is currently set to begin on February 23, 2026, and the government does not oppose a continuance. [Doc. 104, p. 2]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

On May 14, 2025, the government obtained a Superseding Indictment [Doc. 6] charging Defendant Oliver, Sr. with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846 in connection with 21 U.S.C. § 841(a)(1) and 841(b0(1)(C). On August 7, 2025, Defendant Oliver, Sr. was arraigned and ordered detained pending trial. [Doc. 31]; [Doc. 40].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the

requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

In his Motion, Defendant Oliver, Sr. requests a continuance because a team member assisting with the review of items received during discovery "has fallen ill and has been out of commission for weeks." [Doc. 14, p. 1]. Counsel and other staff "have taken over the review of the voluminous discovery and need additional time to complete the discovery review." [*Id.* at p. 2]. Additionally, Defendant Oliver, Sr.'s "location and distance add a degree of difficulty when trying to discuss discovery materials with him." [*Id.*].

Considering this, failure to grant a continuance in this case would deny Defendant Oliver, Sr. "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). So as to avoid a miscarriage of justice, the Court **GRANTS** Defendant Oliver, Sr.'s Motion for Continuance [Doc. 104]. Additionally, since "the time for trial has not yet run" with respect to his co-defendants and "no motion for severance has been granted," *see* 18 U.S.C. § 3161(h)(6), the Court **CONTINUES** the Pretrial Conference until **March 9, 2026**, and the trial of this matter until **April 27, 2026**, *as to Defendants Oliver, Sr., Devito Duran Young, Trace Davrin Works, and Andreaus Benard Oliver, Jr*. The ends of justice served by this continuance outweigh the best interests of the public and these defendants in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161(h)(7)(A) for excusable delay.

**SO ORDERED**, this 12th day of January, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**